# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| MID CENTRAL OPERATING ENGINEERS HEALTH AND WELFARE FUND, | ) ) ) ) | |
| Plaintiff | ) ) | Case No. 1:19-cv-1150 |
| v. | ) ) ) | |
| ZOIE, LLC, | ) ) | |
| Defendant. | ) | |

## ORDER & OPINION

This matter is before the Court on Plaintiff's Motion for Default Judgment (Doc. 4). For the reasons discussed below, Plaintiff's motion is GRANTED.

### BACKGROUND

On May 2, 2019, Plaintiff Mid Central Operating Engineers Health and Welfare Fund filed a Complaint (Doc. 1) alleging Defendant Zoie, LLC, failed to comply with the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132, 1145, the Labor Management Relations Act of 1947, 29 U.S.C. § 185, and 28 U.S.C. § 1331. (Doc. 1 at 1). Specifically, Plaintiff claims Defendant failed to make certain contributions required by a Collective Bargaining Agreement ("Agreement") between the parties, effective April 4, 2017, to present. (Docs. 1 at 3–4; 1-1).

Defendant was served with the Complaint (Doc. 1) on May 10, 2019, and was required to file an answer or other responsive pleading by May 31, 2019. Defendant

has not yet appeared or made any filing. Default was entered against Defendant on June 25, 2019, and Plaintiff now seeks a default judgment against Defendant in the amount of $34,535.39, which represents unpaid contributions, liquidated damages on unpaid contributions, and interest, as well as all reasonable attorney's fees and court costs incurred in this action. (Doc. 1 at 4).

## LEGAL STANDARD

The Federal Rules of Civil Procedure permit the entry of a default judgment against a defendant who fails to plead or otherwise defend his case. Fed. R. Civ. P. 55. Rule 55 establishes "two stages in a default proceeding: the establishment of the default, and the actual entry of a default judgment." *VLM Food Trading Int'l, Inc. v. Ill. Trading Co.,* 811 F.3d 247, 255 (7th Cir. 2016) (internal quotation marks omitted). "The basic effect of an entry of default (step one) is that '[u]pon default, the well-pleaded allegations of a complaint relating to liability are taken as true' " *Id.* (quoting *Dundee Cement Co. v. Howard Pipe & Concrete Prods., Inc.,* 722 F.2d 1319, 1323 (7th Cir. 1983)). But "while a default judgment conclusively establishes liability, the victor must still prove up damages," and the factual allegations contained in a nonverified complaint do not enjoy the same presumption of truth at the judgment phase (step two). *Domanus v. Lewicki,* 742 F.3d 290, 303 (7th Cir. 2014). To enter a default judgment, the Court "must ascertain the amount of damages with reasonable certainty." *In re Catt,* 368 F.3d 789, 793 (7th Cir. 2004). "Under the law of this circuit, judgment by default may not be entered without a hearing on damages unless 'the amount claimed is liquidated or capable of ascertainment from definite figures

2

contained in the documentary evidence or in detailed affidavits.'" *e360 Insight v. The Spamhaus Project*, 500 F.3d 594, 602 (7th Cir. 2007) (quoting *Dundee Cement Co.*, 722 F.2d at 1323).

## DISCUSSION

Default was entered against Defendant on June 25, 2019. The entry of default here established Defendant's liability for, *inter alia*, violating ERISA, 29 U.S.C. § 1145, which provides:

> Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectedly bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such agreement.

*See also Dundee Cement Co.,* 722 F.2d at 1323 (noting the effect of an entry of default is that "the well-pleaded allegations of a complaint relating to liability are taken as true"). When a court finds liability pursuant to § 1145, it may award:

> (A) the unpaid contributions,
> (B) interest on the unpaid contributions,
> (C) an amount equal to the greater of:
>    (i)   interest on the unpaid contributions, or
>    (ii)  liquidated damages provided for under the plain in an amount not in excess of 20 percent (or such higher percentage as may be permitted under Federal or State law) of the amount determined by the court under subparagraph (A),
> (D) reasonable attorney's fees and costs of the action, to be paid by the defendant, and
> (E) such other legal or equitable relief as the court deems appropriate.

29 U.S.C. § 1132(g)(2).

Consistent with § 1132(g)(2), Plaintiff seeks damages in the amount of $34,535.39, which represents the unpaid contributions, liquidated damages on the

unpaid contributions, and interest, as well as $1,156.00 in attorney's fees and court costs (Doc. 4 at 2). In support of this request, Plaintiff submitted an itemized account of the total due from Defendant, discerned from records maintained by Plaintiff. (Doc. 1-2). In addition to the accounting submitted with the Complaint, Plaintiff offers with its Motion an affidavit from Cheryl Cottrell, administrator of Plaintiff. (Doc. 4-1). The affidavit further explains the accounting and corroborates Plaintiff's position that the damages in this case amount to $34,535.39. In support of the request for attorney's fees, Plaintiff submitted an affidavit from Attorney David W. Stuckel, which provided an itemized report of the fees and costs incurred thus far. (Doc. 4-2).

The Court finds Plaintiff's request for default judgment is substantiated by the evidence submitted with the Complaint (Docs. 1-1, 1-2), the Cottrell Affidavit (Doc. 4-1), and the Stuckel Affidavit (Doc. 4-2). Because the amount requested is for a sum certain and that sum is properly supported by affidavit and documentary evidence, no hearing on damages is necessary. *See e360 Insight,* 500 F.3d at 602; *see also Appleton Elec. Co. v. Graves Truck Line, Inc.,* 635 F.2d 603, 611 (7th Cir. 1980) (noting the term "sum certain" in this context means an amount capable of being computed). Plaintiff's damages request is both reasonable and consistent with the damages available under § 1132(g)(2). Plaintiff is therefore awarded the requested judgment, particularly in light of the absence of objection from Defendant.

## CONCLUSION

IT IS THEREFORE ORDERED that Plaintiff's Motion for Default Judgment (Doc. 4) is GRANTED. Plaintiff is AWARDED $34,535.39 in unpaid contributions, liquated damages, and interest and $1,156.00 in attorney fees and court costs.

SO ORDERED.

Entered this 6th day of August 2019.

Joe B. McDade
JOE BILLY McDADE
United States Senior District Judge
